IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARL WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 4502 |
| CITY OF CHICAGO and OFFICER LLOYD MAXWELL, | ) Judge Ronald A. Guzmán |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Earl Washington ("Washington") has sued the City of Chicago ("City") and Officer Lloyd Maxwell for their alleged violations of 42 U.S.C. § 1983 and state law. Defendants have filed a joint motion pursuant to Federal Rule of Civil Procedure ("Rule") 56 for summary judgment on all of the claims asserted against them. For the reasons set forth below, the motion is granted as to the federal claim and the Court declines to exercise its supplemental jurisdiction over the state-law claims.

## Facts

Washington did not file a response to defendants' Joint Local Rule 56.1(a) Statement of Undisputed Facts. According to the Local Rule, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. ILL. LR 56.1(b)(3)(B); *see Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("We have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with Its local rules governing summary judgment.") (alteration and quotation omitted). By failing to respond to

defendants' LR 56.1(a) Statement, Washington has admitted all of the properly supported facts set forth in it. Thus, what follows is drawn entirely from defendants' statement of facts.

On July 7, 2002, around 5:30 a.m., Washington left a party with the ignition key to a stolen car in his pocket and a marijuana cigarette in his hand. (Defs.' LR 56.1(a) Stmt. ¶¶ 2-3.) Washington got into the stolen car and climbed into the driver's seat. (*Id.* ¶¶ 3-4.) Before Washington could drive away, he saw Maxwell, whom he realized was a police officer, walking toward the car. (*Id.* ¶¶ 6-7.) Washington got out of the car and ran, with Maxwell in pursuit. (*Id.* ¶¶ 8-9.)

When Maxwell chased Washington down a gangway, Washington pointed either a handgun or a replica of a handgun at Maxwell. (*Id.* ¶¶ 9-10.) In response, Maxwell fired a single shot at Washington, which grazed his left ankle. (*Id.* ¶ 11.) Washington continued running, discarding the apparent handgun along the way, and hid in the basement stairwell of a nearby home. (*Id.* ¶¶ 12-14.) Shortly thereafter, two other officers found and arrested Washington. (*Id.* ¶ 15.) After he was arrested, Washington was taken to Bethany Hospital for medical attention. (*Id.* ¶¶ 17-18.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discussion

### The Federal Claim

In Count I of the first amended complaint, Washington alleges that Maxwell deprived him of his Fourth Amendment right to be free from unreasonable seizures by shooting him in the ankle. To prevail on this claim, Washington must show that Maxwell's use of force was objectively unreasonable in light of the totality of the circumstances facing him. *Graham v. Connor*, 490 U.S. 386, 396 (1989). In making the reasonableness determination, the Court considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer[] or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," while also "allow[ing] for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id.* at 396-97. In defendants' view, the undisputed facts establish that Maxwell's use of force was objectively reasonable.

The Court agrees. It is undisputed that Washington was smoking a marijuana cigarette in a stolen car when he saw Maxwell, he knew Maxwell was a police officer and tried to evade arrest by running from him. (Defs.' Joint LR 56.1(a) Stmt. ¶¶ 3, 6-9.) It is also undisputed that, during the chase, Washington pointed what appeared to be a handgun at Maxwell. (*Id.* ¶¶ 9-10.) Faced with what he believed was imminent harm, Maxwell fired a single shot at Washington, hitting him in the ankle (*Id.* ¶ 11.) Given those undisputed facts, no reasonable jury could find that Maxwell's use of force was objectively unreasonable. *See Tennessee v. Garner*, 471 U.S. 1, 3 (1985) (holding that the use of deadly force does not violate the Fourth Amendment if "it is necessary to prevent [a suspect's] escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."); *Garvin v. Wheeler*, 304 F.3d 628, 634 (7th Cir. 2002)

3

(noting that "it is objectively reasonable for a police officer to defend himself when a suspect aims a weapon at him"). Accordingly, Maxwell is entitled to judgment as a matter of law on the Fourth Amendment section 1983 claim Washington asserts against him.

**The State-Law Claims**

Having dismissed Washington's federal claim, the Court declines to exercise its supplemental jurisdiction over the state-law malicious prosecution claims he asserts against defendants in Count II. *See* 28 U.S.C. § 1367(c)(3).

**Conclusion**

For the foregoing reasons, defendants' joint motion for summary judgment [doc. no. 26] is granted as to the federal claim asserted against Maxwell in Count I. The Court declines to exercise its supplemental jurisdiction over the state-law claims asserted against both defendants in Count II, which are dismissed without prejudice to refiling in state court. This case is hereby terminated.

**SO ORDERED.**   ENTERED: 9/20/05

HON. RONALD A. GUZMAN
United States District Judge